<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TOMMY GUABA, et al.,

               Plaintiffs,

          v.

WORLD SAVINGS BANK, FSB, et al.,

               Defendants.

Civil Action No. 14-2408 (MAS) (LHG)

**MEMORANDUM ORDER**

<u>SHIPP, District Judge</u>

This matter comes before the Court upon the motion to dismiss by Defendants Wells Fargo Bank, N.A.,[1] and The Bank of New York ("Moving Defendants"). (ECF No. 7.) The motion is unopposed. The Court has carefully considered Moving Defendants' submission and decided the matter without oral argument pursuant to Local Civil Rule 78.1.

On May 22, 2007, Plaintiffs Tommy and Myra Guaba ("Plaintiffs") obtained a mortgage and note with World Savings Bank secured by their property in Long Branch, New Jersey. (Compl. ¶ 25, ECF No. 1-1.) While World Savings Bank originated the loan, Defendant Wells Fargo is the holder and owner of the loan.[2] On July 20, 2012, Defendant Wells Fargo filed a

---

[1] Pled as "World Savings Bank, FSB *now known as* Wells Fargo Bank, N.A."

[2] On December 31, 2007, World Savings Bank changed its name to Wachovia Mortgage, and then on November 1, 2009 Wachovia Mortgage merged with Wells Fargo Bank, N.A. (Moving Defs.' Br. 2-3 (citing *Caovilla v. Wells Fargo Bank, N.A.*, No. 13-1003, 2013 WL 2153855, at \*1 (N.D. Cal. May 16, 2013) (taking judicial notice of the name change and merger); *Abuda v. Cal-W. Reconveyance Corp.*, No. 11-01823, 2012 WL 2564791, at \*1 (D. Nev. June 29, 2012) (same))).

Complaint for Foreclosure against Plaintiffs in New Jersey Superior Court. (Zavatsky Cert., Ex. E, ECF No. 7-2.)  On December 14, 2012, a final foreclosure judgment was entered against Plaintiffs. (*Id.*)  On July 15, 2013, Plaintiffs' property was sold at a Sheriff's Sale to Defendant Roger Mizrahi. (Compl. ¶ 4.)  Plaintiffs did not appear in or defend the foreclosure action.

On December 27, 2013, Plaintiffs filed this action in the Superior Court of New Jersey, and it was removed to this Court on April 15, 2014. (Notice of Removal, ECF No. 1.)  Plaintiffs' Complaint asserts that the Sheriff Sale should be set aside and cancelled and this Court should quiet title to the property in Plaintiffs' name.  (Compl. ¶¶ 9-10.)  Plaintiffs bring several claims: (1) Lack of Standing to Foreclose; (2) Fraud in the Concealment; (3) Fraud in the Inducement; (4) Quiet Title; and (5) Declaratory Relief.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "'Under Rule (12)(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff's claims lacks facial plausibility.'" *Coleman v. Chase Home Fin., LLC ex rel. Chase Manhattan Mortg. Corp.*, 446 F. App'x 469, 471 (3d Cir. 2011) (quoting *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 83-85 (3d Cir. 2011)).  Application of New Jersey's entire controversy doctrine can be properly decided on a motion to dismiss. *See Patetta v. Wells Fargo Bank, NA*, No. 09-2848, 2010 WL 1931256, at *6 (D.N.J. May 13, 2010).

"New Jersey's entire controversy doctrine, which this Court is bound to apply, 'compels the parties, when possible, to bring all claims relevant to the underlying controversy in one legal action,' including defenses and counterclaims." *Napoli v. HSBC Mortg. Servs. Inc.*, No. 12-222, 2012 WL 3715936, at *3 (D.N.J. Aug. 27, 2012) (quoting *Coleman*, 446 F. App'x at 471). "The

doctrine seeks to further the judicial goals of fairness and efficiency by requiring, whenever possible, that the adjudication of a legal controversy should occur in one litigation in only one court." *Coleman*, 446 F. App'x at 471 (internal quotations omitted).   "Ultimately, the entire controversy doctrine requires equitable considerations and is determinable on a case-by-case basis." *Id.* at 473 (citing *Paramount Aviation Corp. v. Agusta*, 178 F.3d 132, 137 (3d Cir. 1999)).

In New Jersey, the entire controversy doctrine is limited, in the foreclosure context, to those counterclaims deemed "germane" under New Jersey Court Rule 4:64–5.  "Claims are considered to be germane to a foreclosure action if they arise out of the mortgage that is the basis of the foreclosure action."  *Id.* at 472 (internal citations omitted).  Courts have viewed several types of claims as germane to a New Jersey foreclosure action, including those challenging the circumstances surrounding origination of the loan, challenging the validity of the loan itself, and arising out of the mortgage transaction.  *See Patetta*, 2010 WL 1931256, at *10-11; *Lichtenstein v. Select Portfolio Servicing*, No. 10-6234, 2011 WL 1560673, at *3-4 (D.N.J. Apr. 25, 2011).

Here, Plaintiffs' claims are barred by the entire controversy doctrine.  It is clear from the face of Plaintiffs' Complaint that the claims asserted therein are germane and could have been raised in the foreclosure proceeding.  Through their Complaint, Plaintiffs dispute the title and ownership of the property that was foreclosed on and subsequently sold at a Sheriff's Sale. Moreover, Plaintiffs' claims for lack of standing, fraud, quiet title, and declaratory relief from the Sheriff's Sale are each the sort of claims that have been deemed germane by courts, in that the claims challenge the validity of the mortgage and foreclosure proceeding.  Because these deficiencies cannot be cured by amending the Complaint, Plaintiffs' Complaint is dismissed with prejudice.

For the reasons set forth above, and other good cause shown,

IT IS on this 2nd day of December, 2014, **ORDERED** that:

1.    Moving Defendants' motion to dismiss is **GRANTED**.

2.    Plaintiffs' Complaint as to Moving Defendants is **DISMISSED** with prejudice.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

4